UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 06-74-DLB-JGW-6

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.

MARCO ANTONIO MIRANDA-SANCHEZ                                    DEFENDANT

**REPORT AND RECOMMENDATION**

On August 8, 2012 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, MARCO ANTONIO MIRANDA-SANCHEZ, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Jon Alig and the United States was present through Assistant United States Attorney Tony Bracke. The proceedings were recorded by official court reporter Joan Averdick, interpreted by Roberto Hernandez and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the July 17, 2012 violation report of U.S.P.O. Leanne M. Vonderhaar.

After pleading guilty to Conspiracy to Possess with Intent to Distribute Heroin in violation of 21 U.S.C. § 846, defendant was sentenced on August 7, 2007 to eighteen months imprisonment to be followed by six years of supervised release. Certain special conditions of supervision were also ordered as follows: 1) submit to one drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter; 2) if defendant is deported, he shall not re-enter the United States without the permission of the U.S. Bureau of Immigration of Customs Enforcement and/or

1

the Attorney General.  In the event he would re-enter the United States during the effective term of supervision, he must report to the closest U.S. Probation Office for supervision.  The defendant's term of supervised release began on January 4, 2008 and will expire January 3, 2014.

The defendant now stands charged with the following violations:

**VIOLATION NO. 1: THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME**.

On August 3, 2010 the defendant was arrested and charged in Floyd County, Indiana by Drug Enforcement Agents for the offense of Dealing in a Controlled Substance, Schedule II (heroin).  On November 6, 2011 the defendant plead guilty to the aforementioned offense.  On January 5, 2012 the defendant was sentenced to serve fifteen years imprisonment.

**VIOLATION NO. 2: IF THE DEFENDANT IS DEPORTED, HE SHALL NOT RE-ENTER THE UNITED STATES WITHOUT THE PERMISSION OF THE U.S. BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT AND/OR THE ATTORNEY GENERAL. HOWEVER, IF HE WOULD RE-ENTER THE UNITED STATES DURING THE EFFECTIVE TERM OF SUPERVISION, HE MUST REPORT TO THE CLOSEST U.S. PROBATION OFFICE FOR SERVICE OF SUPERVISION**.

The defendant failed to report to the closest U.S. Probation Office as part of his special conditions of supervision.

The parties have reached an agreement as to the appropriate punishment for the above violations, and the Court being satisfied from dialogue with defendant that he understands the nature of the charges pending against him, has had ample opportunity to consult with counsel, and enters this agreement knowingly and voluntarily, accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above, and that the supervised release be REVOKED;

    2.    That the defendant, MARCO ANTONIO MIRANDA-SANCHEZ, be sentenced to the custody of the Attorney General for a period of **TWENTY-FOUR (24) MONTHS** with no supervised release to follow, and that this sentence be served consecutive to the Indiana State sentence defendant is currently serving.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 8th day of August, 2012.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge